UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LYNN REYNOSO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:23-cv-00141-CDB (SS)<br><br>FIRST SCREENING ORDER (1) DISMISSING PLAINTIFF'S SOCIAL SECURITY COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT, AND (2) DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE<br><br>(Docs. 3, 5) |

Plaintiff Karen Lynn Reynoso ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 5). On January 27, 2023, Plaintiff through attorney Josephine Mary Gerrard filed a "civil cover sheet" and attached an application to proceed *in forma pauperis* ("IFP"). (Doc. 1). The Clerk of Court noticed Ms. Gerrard the motion to proceed IFP must be filed as a separate document and the case could not be processed until a complaint was filed. (Docs. 2, 4). That same day, Plaintiff through her attorney filed a motion to proceed IFP.[1] (Doc. 3). Three days later, Plaintiff through her attorney filed a complaint on January 30, 2023. (Doc. 5).

---

[1] The caption of Plaintiff's motion to proceed IFP incorrectly identifies the U.S. District Court for the Northern District of California as the filing venue. (Doc. 3).

1

I. **Proceeding** *in forma pauperis*

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicants right to due process), *abrogated on other grounds, Neitzke v. Williams*, 109 S. Ct. 1827 (1989).

Upon review, the Court finds Plaintiff's motion to proceed IFP contains discrepancies and lacks sufficient detail to enable the Court to determine whether she is entitled to proceed without prepayment of fees in this action. For example, Plaintiff indicates she owns or is buying a home at an estimated market value of $13,000.00, but lists she also rents. (Doc. 3 at 3). Similarly, Plaintiff indicates that in the last 12 months she has not received money from any of the several income categories enumerated on her motion, including employment income, income from stocks, rent payments, pensions, annuities, life insurance payments, or government sources like welfare or Social Security. *Id*. Plaintiff declares she owns no cash and does not possess a bank account. *Id*. Despite the dearth of funds, Plaintiff indicates that every month she pays $984.70 in rent, $300.00 for utilities, and $50.00 for clothes. *Id*. The Court cannot discern how Plaintiff is able to afford $1,334.70 in monthly expense if she has no income of any kind in the last 12 months and possesses no cash.

Accordingly, the Court will order Plaintiff to complete and file an application to proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239, and to correct the aforementioned discrepancies identified in this order. If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

II. **Screening Requirement**

When a party seeks to proceed *in forma pauperis*, the Court is required to review the

2

complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2). A petitioner's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### III. Discussion and Analysis

Petitioner seeks review of a decision by the Commissioner of Social Security denying disability benefits. The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Section 405(g) and (h) operate as statute of limitations setting the period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). *Accord Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (noting that the 60-day limit in § 405(g) "constitutes a statute of limitations"). As the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479. "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, No. 1:08-cv-00033-SMS, 2008 WL 4506606, *3 (E.D. Cal. Oct. 7, 2008) (citing *Banta v. Sullivan*, 925 F.2d 343, 345-46 (9th Cir. 1991)).

In this case, Plaintiff reports the Appeals Council issued a notice denying a request for review of the decision on November 29, 2022. (Doc. 5 at 2). Plaintiff had 60 days from the date she had received the Appeals Council's decision to file a complaint. 42 U.S.C. § 405(g). Here, Plaintiff filed a complaint on January 30, 2023. (Doc. 5). Plaintiff's complaint does not state what date she had notice of the Appeals Council's decision, only the date it was rendered. Therefore, it is unclear whether Plaintiff timely filed her complaint.

For the reasons set forth above, Plaintiff has filed an insufficient motion to proceed IFP and Social Security complaint. Plaintiff shall be granted an opportunity to file a long form IFP application and first amended complaint curing the deficiencies set forth above.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Social Security complaint (Doc. 5) is DISMISSED WITHOUT PREJUDICE as untimely;

2. Plaintiff is GRANTED thirty days from the date of service of this order to file a first amended complaint as directed by this ORDER;

3. Plaintiff's motion to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE;

4. The Clerk of the Court is DIRECTED to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;

5. Within 30 days of the date of this order, Plaintiff shall either (1) pay the $400.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and

6. If Plaintiff fails to comply with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated: __**February 1, 2023**__            _____
                                                              UNITED STATES MAGISTRATE JUDGE