UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LYNN REYNOSO,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No.  1:23-cv-00141-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 21) |

Pending before the Court is the parties' stipulated motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 21).  The parties agree to an award of attorney's fees to counsel for Plaintiff Karen Lynn Reynoso ("Plaintiff"), Josephine Mary Gerrard, in the amount of $8,000.00 pursuant to the EAJA, 28 U.S.C. § 2412(d).  *Id*.  Plaintiff does not seek reimbursement for costs pursuant to 28 U.S.C. § 1920.

On September 25, 2023, the Court entered an order on the parties' stipulation to grant voluntary remand and remanded this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 19).  Judgment was entered the same day.  (Doc. 20).  On November 28, 2023, Plaintiff filed the pending stipulated motion for attorney fees.  (Doc. 21).

Plaintiff requests an award of attorney fees and expenses as the prevailing party.  *Id*.; *see*

*Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are no special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. (Doc. 34). *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $8,000.00 in EAJA fees. (Doc. 21). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Plaintiff's application for attorney fees reflects that her counsel spent approximately 48.70 hours of attorney time for a total of $11,823.38 of attorney fees accrued. Counsel for Plaintiff discounted that amount by $3,823.38, arriving at the requested amount of $8,000.00. (Doc. 21 p. 7-8). Applying the published maximum hourly rate for the first half of 2023 ($242.78),[1] the requested $8,000 award would amount to approximately 32 hours of attorney time (not accounting for any paralegal time expended). The Court has reviewed the docket and finds this amount reasonable and commensurate with the number of hours an attorney reasonably would need to have spent in this case, particularly considering the administrative record which spans over 1200 pages and motion for summary judgment brief

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 26, 2023).

that raises five issues for review. (Docs. 13, 15). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 19-20).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 21) is GRANTED; and
2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $8,000.00. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel, Josephine Mary Gerrard, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated: **November 29, 2023**

_____
UNITED STATES MAGISTRATE JUDGE